Dear Mr. Dahmer:
This office is in receipt of your opinion request of recent date where you ask us to consider the following:
 (1) May a Clerk of Court, who is a former employee of the Sheriff's Office, participate in the Sheriffs' Pension and Relief Fund as opposed to the Clerks' of Court Retirement and Relief Fund?
You call to our attention to LSA-R.S. 11:143, which provides for transfers between retirement systems. It states in pertinent part:
 A. As provided in Subsection F of this Section, any person who is in active service and is a member of any public retirement or pension system, fund, or plan maintained primarily for officers and employees of the state of Louisiana, or of any political subdivision thereof, or of any other such public entity who has been a member of such system, fund, or plan for at least six months and who has membership credit in or who transferred service credit from any other such system, fund or plan shall have the option of transferring all of his credit from every such system, fund, or plan to the system, fund or plan he is currently contributing to or to the system to which he last contributed. (Emphasis added.)
This statute allows a person to transfer all his credit from a system in which he is an active member, in your case the Clerk of Court's Retirement Fund, to the system in which he last contributed, which in your case would be the Sheriffs' Pension and Relief Fund. You meet all of the requirements set forth in this section, so you may be allowed to participate in the Sheriff's Pension and Relief Fund.
 (2) May the Sheriffs' Pension and Relief Fund refuse to allow a former Sheriff's Office employee from participating in their Pension Plan?
LSA-R.S. 11:143(A) (see above) mentions that a transfer may occur as provided in Section F of the same statute. Section F provides:
 (1) Each board of trustees or other such governing board shall adopt such rules and regulations, not in conflict herewith, as are necessary to carry out the provisions and intent of this Section and to prevent any duplication of credit.
 (2) Each governing authority shall determine at the first board meeting after January 1, 1986, if transfers into the system will be approved as provided in this Section, and such determination cannot be changed until the first board meeting of each successive year thereafter. The transfer of service credit and funds out of the system shall be at the sole option of the member.
 (3) No governing authority shall approve a transfer in which the transferred amount is less than one hundred percent of the increase in accrued liability to the receiving system created by such transfer; however, the person can pay the difference in the assets to be transferred and the actuarial cost to the receiving system.
This section gives the Board of Trustees of the Sheriffs' Pension and Relief Fund the power to decide if they will allow transfers into their system as provided in this section. LSA-R.S.11:2171, et seq., contains the law governing the Sheriff's Pension and Relief Fund. Nothing in these statutes prohibits a transfer as contemplated in LSA-R.S. 11:143(A). Unless the board has determined it will not allow such transfers at the first board meeting of this year, they may not prohibit it.
 (3) If allowed to participate in the Sheriffs' Pension and Relief Fund, must you transfer all your years in the Clerk of Court's Retirement and Relief Fund to the Sheriff's Pension and Relief Fund?
LSA-R.S. 11:143 allows you to rejoin the Sheriffs' Pension and Relief Fund only by transferring your years with your current retirement system. Once the decision to change membership has been made, LSA-R.S. 11:143(B) provides:
 All credit that the employee had in the system, fund, or plan from which he is transferring, whether regular service credit, prior service credit, military service credit, or other credit, shall be transferred, except as provided below:
 (1) In the event that the member has six months or more of concurrent service in the transferring and receiving systems, the concurrent service in the transferring system and the funds attributable to such service shall remain in the transferring system.
 (2) In the event that the member has less than six months of concurrent service in the transferring and receiving systems, the concurrent service in the transferring system shall be canceled and the funds attributable to such service shall be transferred to the receiving system.
It is only by transferring the years acquired in your current membership in the Clerk of Court's Retirement and Relief Fund that you are allowed to rejoin the Sheriff's Fund. Once this decision is made, all of your credit is required by LSA-R.S.11:143(B) to be transferred, with the exception of concurrent service. From your inquiry, it does not appear that you have any concurrent service. Therefore you must transfer all four years when you re-apply with the Sheriff's Fund.
In conclusion, LSA-R.S. 11:143 allows an employee to transfer retirement benefits acquired in his current system to the previous system to which he belonged. The board of each retirement system is allowed to make an annual determination of whether they will make these types of transfers. Once a transfer in systems is made, all credit, with the exception of concurrent service credit, must be transferred.
We hope the foregoing is helpful. If this office may be of further assistance to you, please contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: June 24, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL